United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Deborah Diane Fletcher, Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 15-22613-Civ-Scola |
| Postal Inspection Service Manager, ) | |
| Defendant ) | |

### Order Dismissing Case

Deborah Fletcher filed this lawsuit in state court. The United States Attorney's Office removed the case to federal court since Fletcher named an officer of a United States agency as a Defendant—consistent with 28 U.S.C. § 1442(a)(1).

Fletcher's complaint fails to state a claim upon which relief can be granted. She explains that she suspects someone has stolen checks from her post office box. (Compl., ECF No. 1-3.) She "put in for her mail to be inspected" and has heard "that the body of superman had been into [her] mail and [had] stolen checks and cash[ed] them." (*Id.*) Aside from explaining her suspicions, the essence of Fletcher's "complaint" is a request for information about how to file a report about the suspected criminal activity, and how to initiate a criminal case against the thief.

A lawsuit (in state or federal court) is not the appropriate mechanism for reporting a crime. *Cf.* Fed. R. Civ. P. 8(a) (explaining that a pleading must assert a "claim showing that the pleader is entitled to relief"). And a private citizen "has no authority to initiate a federal criminal prosecution." *Cannady v. Rathke*, No. 09-07S, 2009 WL 335067, at *2 (D.R.I. Feb. 10, 2009). Fletcher is, of course, free to contact law enforcement or the prosecutor's office—at either the state or federal level—to request a criminal investigation be undertaken. But she cannot initiate a criminal investigation by filing suit with this Court.

Because Fletcher doesn't assert a claim for relief that this Court can grant, the Court must **dismiss** her complaint. The Court directs the Clerk to **close** this case.

**Done and ordered** in chambers at Miami, Florida on July 31, 2015.

_____
Robert N. Scola, Jr.
United States District Judge